**Joseph Anthony SPARROW, Appellant**

v.

**T.R. SNIEZEK.**

No. 07–2749.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Aug. 30, 2007.

Filed: Oct. 11, 2007.

---

**2.** Reinbold's motion for appointment of counsel is denied.

Joseph Anthony Sparrow, Minersville, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for T.R. Sniezek.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Joseph Anthony Sparrow appeals the District Court's order dismissing the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. As explained below, we will affirm.

Sparrow was convicted in the United States District Court for the Northern District of Ohio of various crimes, including three counts of armed bank robbery, for which he is serving a sentence of 540 months' imprisonment. After the United States Court of Appeals for Sixth Circuit Court affirmed, Sparrow unsuccessfully challenged his conviction and sentence via 28 U.S.C. § 2255 and a subsequent motion pursuant to Fed.R.Civ.P. 60(b).

Sparrow then filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania, this time alleging that the United States lacks jurisdiction to enforce federal criminal law in Ohio because that state's legislature has not accepted or consented to federal jurisdiction. The District Court dismissed the petition, explaining that Sparrow must present his claims via § 2255. This appeal followed.[1] The appellee has moved for summary affirmance.

---

**1.** We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's judgment *de novo*. *Okereke v. United States*, 307 F.3d 117 (3d Cir.2002).

As the District Court correctly explained, Sparrow's claim falls under § 2255 and may not be presented via § 2241 unless the "savings clause" in § 2255 applies to him. It does not. Section 2255 would be "inadequate or ineffective" only if Sparrow were "in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). Plainly, this language does not describe Sparrow's claim. As a result, the appeal does not present a substantial question and we grant the appellee's motion for summary affirmance.